HOBSON, Judge.
The 24-year marriage of George A. Carr and Patricia E. (Carr) Kling was dissolved April 25, 1977. The final judgment of dissolution adopted and incorporated a written property settlement agreement which contained the following corporate property clause:

CORPORATE PROPERTY:

The Husband and Wife own jointly Stockyard Feed and Supply, Inc. The Wife agrees to sell her one half interest to the Husband upon terms and a price to be determined by June 1, 1977. However, the minimum monthly payment shall be at least $400.00 per month. In arriving at a price the parties shall take into consideration the value of the stock as determined by the corporate tax consultant. There are now corporate profits on deposit that shall be evenly divided between the Husband and Wife. The Husband agrees to pay to the Wife out of the corporate account, the sum of $250.00 per week until such time as the Wife’s share has been distributed to her. .
George Carr died August 26, 1978. During his lifetime the parties had attempted to enforce and execute the terms of the agreement but were never able to arrive at an agreement on the value of the corporate real estate. Nevertheless, George paid Patricia a total of $11,800 in weekly payments towards her share of the business profits and the corporate stock.
After George’s death, Patricia filed a complaint for declaratory judgment to declare the value of her half interest in the corporate common stock; for a judgment in damages against the personal representative; and for supplemental relief to carry out the declaratory judgment. Testimony at trial disclosed that the corporate accountant, Mr. Sparkman, had prepared a final report on the value of the corporate stock, as of April 30, 1977,[1] based in part on the county tax assessor’s valuation of the corporate real estate. Sparkman met with the parties in his office on July 6, 1977, and suggested that they engage a private appraiser to determine the fair market value of the corporate real estate. George first agreed to this proposition and then later refused to engage a private appraiser. In a letter to George dated January 17, 1978, Sparkman assessed the total value of the corporation to be $133,162.20, based on the stockholder’s equity as shown on the April 30,1977, financial statement plus the excess of the tax assessor’s valuation of the corporate real estate over the book value of the real estate. He stated that the figures were correct only if the county tax assessor’s figure was used as the basis for the value of the corporate real estate. Patricia testified that she never agreed to using the county tax assessor’s assessment figure in the final report and never received a copy of Sparkman’s letter.
Appellee’s appraiser testified that the corporate real estate was worth $100,000 as of June 1, 1977; however, this appraisal was not made until April 1979. Patricia’s appraiser stated that the property was worth $153,600 as of April, 1979, the date of trial. He further stated that the land had appreciated at a rate of from 18% to 24% per year since 1977. The county tax appraiser’s assessment, used in Sparkman’s report, valued the real estate at $65,420.
The trial court found, in part, that June 1, 1977, was the date intended by the parties to evaluate the corporate stock; that the parties agreed to use the corporate accountant’s evaluation to determine Patricia’s one-half interest; and that Patricia’s *324 one-half interest amounted to $50,781.10.[2] We reverse only that portion of the final judgment which found the value of Patricia’s one-half interest to be $50,781.10.
The valuation of the corporate real estate based on the county tax assessor’s figure is obviously too low. Even the corporate accountant so stated. In fairness, we hold that this cause should be remanded in order that the trial judge may receive evidence from both parties on the fair market value of the corporate real estate as of June 1, 1977. After determining the fair market value of the corporate real estate, the trial court shall substitute that figure in place of the county tax assessor’s valuation in calculating the value of the corporate stock. The procedure for determining the net amount due Patricia shall be the same as that utilized in the original judgment.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
GRIMES, C. J., and CAMPBELL, J., concur.

. Mr. Sparkman stated that the value of the corporate assets did not change between April 30 and June 1, 1977.

. The trial judge calculated this net figure by taking one-half the value of the corporate stock and subtracting $11,800 already received by Patricia from the corporate profits, and less $4,000, the stipulated value of the automobile already received by Patricia.